UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JITESH THAKKAR | CASE NUMBER:  18 CR 36<br><br>Judge Robert W. Gettleman |

**UNOPPOSED GOVERNMENT'S MOTION TO**
**AUTHORIZE ALTERNATIVE VICTIM NOTIFICATION PROCEDURES**

Now comes the UNITED STATES OF AMERICA, by SANDRA L. MOSER, Acting Chief of the Fraud Section of the Criminal Division, United States Department of Justice, and moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on a Department of Justice website—because the large number of potential crime victims in this case makes it impracticable to notify them on an individualized basis. The defendant does not oppose the Government's motion. In support of its motion, the Government states the following:

1. The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e). In case involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [18 U.S.C. § 3771](a), the Court

shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

2. The Government respectfully submits that this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because of the number of potential crime victims. As alleged in the indictment, the defendant is the founder and principal of an information technology consulting firm that designed custom software for individuals that traded, among other things, futures contracts on the Chicago Mercantile Exchange. Indictment ¶ 1 (Doc. No. 17, Feb. 14, 2018). The defendant is charged with conspiracy to commit spoofing, in violation of 18 U.S.C. § 371, and two counts of aiding and abetting spoofing, in violation of 7 U.S.C. §§ 6c(a)(5)(C) and 13(a)(2) and 18 U.S.C. § 2. *Id.* ¶¶ 11-35, 36-37. Spoofing is the unlawful practice of bidding or offering with the intent, at the time the bid or offer was placed, to cancel the bid or offer before it was executed. Spoofing can be used as a method to engage in market manipulation. *Id.* ¶ 10.

3. The charges in this case arise from development of a customized, automated program by the defendant and his co-conspirators that was designed to place orders into the market while mitigating the risk that these orders would be executed. *Id.* ¶ 13. After the defendant and his co-conspirators created the automated program, one of the co-conspirators used the program to place spoof orders—that is, orders placed with the intent to cancel them before they were executed—on the CME for E-mini S&P 500 ("E-mini") futures contracts. *Id.* ¶ 28. The co-conspirator used the automated program hundreds of times to place over one

thousand spoof orders from at least January 2013 through at least October 2013. *Id.* These spoof orders were intended to create a false sense of supply or demand for E-mini futures contracts, so that the co-conspirator could execute other genuine orders at quantities, prices, and times that otherwise would not have been available but for the spoof orders. *Id.* ¶¶ 13, 16.

4. The spoof orders placed using the automated program may have affected hundreds of counterparties and other market participants—all potential crime victims—that traded E-mini futures contracts while the spoof orders were pending in the market. Given the number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the Government to, among other things, identify and provide individualized notice to each potential crime victim pursuant to 18 U.S.C. § 3771(a).

5. As an alternative procedure to notify potential crime victims in this case, the Government proposes that it maintain a public Department of Justice website at https://www.justice.gov/criminal-vns/case/jitesh-thakkar. The website would provide a summary of the case, information regarding the case's status, and other significant case-related documents, such as the charging documents. The website also would contain an e-mail address and telephone number for a Victim Assistance Line through which individual potential crime victims could contact the Department of Justice with questions regarding the case.

6. Courts have authorized the use a website by the Government to notify crime victims under the CVRA in other complex fraud cases that involved numerous

potential victims, including (like here) cases with potential victims of spoofing. *See United States v. Flotron*, No. 17-cr-220 (JAM), ECF No. 32 (D. Conn. Nov. 2, 2017) (granting motion to permit victim notification through the use of a website in a case involving spoofing in the precious metals futures market); *see also United States v. Babich*, No. CR 16-10343-ADB, 2017 WL 8180771, at *3 (D. Mass. Aug. 8, 2017) (finding alternative victim notification procedures appropriate, including the use of websites, in a fraud case involving a four-and-a-half year conspiracy where the government "had positively identified approximately 30 victims and potentially there were thousands of victims"); *United States v. Citicorp*, No. 3:15-cv-78 (SRU), 2015 WL 5595482, at *1 (D. Conn. Sept. 22, 2015) (permitting victim notification through a Department of Justice website and through letters to lead counsel for plaintiffs in private civil litigations); *United States v. Madoff*, No. 08 Mag. 2735, slip op. at 1-3 (S.D.N.Y. Mar. 6, 2009) (permitting the government to satisfy the CVRA by posting notices about scheduled public proceedings on the U.S. Attorney's Office website and by having the court-appointed trustee include a link to the U.S. Attorney's Office website on the trustee's own website); *United States v. Saltsman*, No. 07-CR-641 (NGG), 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) ("Given the large number of potential alleged crime victims, notification by publication [on the U.S. Attorney's Office website or a Department of Justice website] is a reasonable procedure that will both give effect to the [statute] and will not unduly complicate or prolong the proceedings.").

WHEREFORE, the Government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to maintain a website as a reasonable alternative procedure for notifying crime victims in this case.

Dated: May 31, 2018

                                                  Respectfully submitted,

                                                  SANDRA L. MOSER
                                                  Acting Chief, Fraud Section
                                                  Criminal Division
                                                  U.S. Department of Justice

By: _/s/ Matthew F. Sullivan_
                                                  Michael T. O'Neill
                                                  Matthew F. Sullivan
                                                  Trial Attorneys
                                                  U.S. Department of Justice
                                                  1400 New York Avenue, NW
                                                  Washington, D.C. 20530
                                                  (202) 616-1645 (O'Neill)
                                                  (202) 353-6200 (Sullivan)
                                                  Michael.T.ONeill@usdoj.gov
                                                  Matthew.Sullivan2@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Matthew F. Sullivan, hereby certify that on May 31, 2018, I caused the foregoing Unopposed Government's Motion to Authorize Alternative Victim Notification Procedures to be electronically filed with the Clerk of Court by using the Court's electronic CM/ECF filing system, which will automatically send a notice of electronic filing to all parties.

                                                                                                            */s/ Matthew F. Sullivan*
                                                                 Matthew F. Sullivan
                                                                 (202) 353-6200
                                                                 Matthew.Sullivan2@usdoj.gov
                                                                 Trial Attorney
                                                                 U.S. Department of Justice
                                                                 1400 New York Avenue, NW
                                                                 Washington, D.C. 20530