UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NUMBER:  18 CR 36 |
| v. | |
| JITESH THAKKAR | Judge Robert W. Gettleman |

**GOVERNMENT'S PRELIMINARY PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by its undersigned counsel, respectfully submits the Government's Preliminary Proposed Jury Instructions in the above-captioned case.  These instructions are based upon the Seventh Circuit Pattern Criminal Jury Instructions (2012), apposite caselaw, and the Government's anticipated trial evidence.  Certain paragraphs are identified in brackets pending admission of evidence to determine whether the instruction is necessary.  The Government respectfully may ask the Court for permission to supplement this preliminary submission as appropriate.

Dated:  December 7, 2018

Respectfully submitted,

SANDRA L. MOSER
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By:      */s Michael T. O'Neill & Matthew F. Sullivan*
Michael T. O'Neill
Matthew F. Sullivan
Trial Attorneys
1400 New York Avenue, NW
Washington, D.C. 20530
(202) 616-1645 (O'Neill)
(202) 353-6200 (Sullivan)
Michael.T.ONeill@usdoj.gov
Matthew.Sullivan2@usdoj.gov

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1
Seventh Circuit Committee (2012) 1.01

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of spoofing and conspiracy to commit spoofing. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2
Seventh Circuit Committee (2012) 1.02

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3
Seventh Circuit Committee (2012) 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that [[certain facts are true] [or] [that a witness would have given certain testimony.]]

[In addition, you may recall that I took [judicial] notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4
Seventh Circuit Committee (2012) 2.01

Give the evidence whatever weight you decide it deserves.  Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists.  This is called an inference.  You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 5
Seventh Circuit Committee (2012) 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 6
Seventh Circuit Committee (2012) 2.03

[A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that the defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.]

GOVERNMENT INSTRUCTION NO. [7]
Seventh Circuit Committee (2012) 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant].  You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. [8]
Seventh Circuit Committee (2012) 3.01

[It is proper for an attorney to interview any witness in preparation for trial.]

GOVERNMENT INSTRUCTION NO. [9]
Seventh Circuit Committee (2012) 3.02

[You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court, and also as evidence of the truth of whatever the witness said in the earlier statement.]]

GOVERNMENT INSTRUCTION NO. [10]
Seventh Circuit Committee (2012) 3.03 (modified to incorporate aspects of Seventh Circuit
Committee (2012) 3.04 (regarding prior inconsistent statement by defendant))

[You have heard evidence that before the trial, the defendant made [a] statement[s] that may be inconsistent with his testimony here in court.  You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.]

GOVERNMENT INSTRUCTION NO. [11]
Seventh Circuit Committee (2012) 3.04

You have heard testimony from a witness, Navinder Sarao, who:

- hoped to receive a benefit from the government in connection with this case, namely, that the government will ask for a reduced sentence if the government determines that Mr. Sarao has provided full and truthful cooperation to the government; and

- has pled guilty to, and stated that he was involved in, the crimes the defendant is charged with committing. You may not consider his guilty plea as evidence against the defendant.

You may give this witness' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

GOVERNMENT INSTRUCTION NO. [12]
Seventh Circuit Committee (2012) 3.05

You have heard a witness, [namely, [name of witness], who gave opinions and testimony about [specify the subjects]. You do not have to accept this witness' [opinions; testimony]. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider [the witness' qualifications], how he reached his [opinions; conclusions], and the factors I have described for determining the believability of testimony.

GOVERNMENT INSTRUCTION NO. [13]
Seventh Circuit Committee (2012) 3.13

You have heard [a] recorded conversation[s].  This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversation[s] to help you follow the recording[s] as you listened to [it; them].  The recording[s] are the evidence of what was said and who said it. The transcripts are not evidence.  If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters.  In other words, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

[I am providing you with the recording[s] and a device with instructions on its use.  It is up to you to decide whether to listen to [a; the] recording during your deliberations.  You may, if you wish, rely on your recollections of what you heard during the trial.]

[If, during your deliberations, you wish to have another opportunity to view [a; any] transcript[s] [as you listen to a recording], send a written message to the [marshal; court security officer], and I will provide you with the transcript[s].]

GOVERNMENT INSTRUCTION NO. [14]
Seventh Circuit Committee (2012) 3.14

Certain [summaries and charts] were admitted in evidence. You may use those [summaries and charts] as evidence.

[The accuracy of the [summaries and charts] has been challenged. [The underlying documents and evidence have also been admitted so that you may determine whether the summaries are accurate.]]

[It is up to you to decide how much weight to give to the summaries.]

GOVERNMENT INSTRUCTION NO. [15]
Seventh Circuit Committee (2012) 3.16

Certain [summaries and charts] were shown to you to help explain other evidence that was admitted, [specifically, identify the demonstrative exhibit, if appropriate]. These [summaries and charts] are not themselves evidence or proof of any facts, so you will not have these particular [summaries and charts] during your deliberations. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries and charts] and determine the facts from the underlying evidence.]

GOVERNMENT INSTRUCTION NO. [16]
Seventh Circuit Committee (2012) 3.17

The indictment charges that the crimes happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

GOVERNMENT INSTRUCTION NO. [17]
Seventh Circuit Committee (2012) 4.05

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

GOVERNMENT INSTRUCTION NO. [18]
Seventh Circuit Committee (2012) 4.06

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. [19]
Seventh Circuit Committee (2012) 4.08

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. [20]
Seventh Circuit Committee (2012) 4.10

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

GOVERNMENT INSTRUCTION NO. [21]
Seventh Circuit Committee (2012) 5.05

Count One of the indictment charges the defendant with conspiracy to commit spoofing. In order for you to find the defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.      The conspiracy as charged in Count One existed;

2.      The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3.      One of the conspirators committed an overt act in an effort to advance the goals of the conspiracy.

An overt act is any act done to carry out the goals of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment. The overt act may itself be a lawful act.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

To prove that a conspiracy existed, the government must prove beyond a reasonable doubt that the defendant had an agreement or mutual understanding with at least one other person to commit the crime of spoofing.

GOVERNMENT INSTRUCTION NO. [22]
Seventh Circuit Committee (2012) 5.08(A)

To establish a criminal violation of the anti-spoofing statute, the government must prove each of the two elements beyond a reasonable doubt:

The first element the government must prove beyond a reasonable doubt is that a member of the conspiracy engaged in any trading, practice, or conduct on and subject to the rules of CME Group markets, that was "spoofing."

"Spoofing" is defined as bidding or offering with the intent, at the time the bid or offer was placed, to cancel the bid or offer before execution. To find this element satisfied, you must find that the government has proven beyond a reasonable doubt that, at the time a member of the conspiracy entered the bid or offer specified in the Count that you are considering, he intended to cancel the entire bid or offer before it was executed, and that he did not place the bid or offer as part of a legitimate, good-faith attempt to execute at least part of that bid or offer. The government must prove that the member of the conspiracy had the purpose or conscious desire to cancel his bid or offer before it was executed. It is not, however, sufficient for the government to prove that the member of the conspiracy knew or should have known that the consequence -- that is, cancellation of the bid or offer before execution -- was substantially likely to occur.

The second element the government must prove beyond a reasonable doubt is that the member of the conspiracy acted knowingly.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find that a member of the conspiracy violated the anti-spoofing statute.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the

charge you are considering, then you should find that a member of the conspiracy has not violated the anti-spoofing statute.

GOVERNMENT INSTRUCTION NO. [23]
*United States v. Coscia*, 14 CR 551 (Leinenweber, J.) (modified)

A conspiracy is an express or implied agreement between two or more persons to commit a crime.  A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

GOVERNMENT INSTRUCTION NO. [24]
Seventh Circuit Committee (2012) 5.09

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished.  The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said.  To determine what the defendant did or said, you may consider the defendant's own words or acts.  You may also use the words or acts of other persons to help you decide what the defendant did or said.

GOVERNMENT INSTRUCTION NO. [25]
Seventh Circuit Committee (2012) 5.10

Counts Two and Three of the indictment charge the defendant with crimes that the indictment alleges were committed by another member of the conspiracy. In order for you to find the defendant guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant is guilty of the charge of conspiracy as alleged in Count One or was a member of the conspiracy alleged in Count One when the crime was committed;

2. Another member of the same conspiracy committed the crimes charged in Counts Two and Three during the time that the defendant was also a member of the conspiracy;

3. The other conspirator committed the crime charged in Counts Two and Three to advance the goals of the conspiracy; and

4. It was reasonably foreseeable to the defendant that other conspirator would commit the crimes charged in Counts Two and Three in order to advance the goals of the conspiracy. The government is not required to prove that the defendant actually knew about the crimes charged in Counts Two and Three or that the defendant actually realized that this type of crime would be committed as part of the conspiracy.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty as to that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty as to that charge.

GOVERNMENT INSTRUCTION NO. [26]
Seventh Circuit Committee (2012) 5.11

Alternatively, as to the defendant's liability for the crimes charged in Counts Two and Three, any person who knowingly aids the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

GOVERNMENT INSTRUCTION NO. [27]
Seventh Circuit Committee (2012) 5.06(a) (modified to incorporate Committee Comment to Seventh Circuit Committee (2012) 5.11 ("If the government pursues alternative theories of direct responsibility and *Pinkerton* responsibility, the trial judge should explain in this instruction that it is offered as an alternate basis for liability on the particular charge(s)."))

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, SnapChat, WhatsApp, Signal, FaceTime, Skype, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. [28]
Seventh Circuit Committee (2012) 7.01

A verdict form has been prepared for you.  You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form.  The foreperson will sign it.

Advise the court security officer once you have reached a verdict.  When you come back to the courtroom, [I; the clerk] will read the verdicts aloud.

GOVERNMENT INSTRUCTION NO. [29]
Seventh Circuit Committee (2012) 7.02

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. [30]
Seventh Circuit Committee (2012) 7.03

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JITESH THAKKAR

CASE NUMBER: 18 CR 36

Judge Robert W. Gettleman

## **VERDICT FORM**

We the jury, as to Count One of the Indictment, find defendant JITESH THAKKAR:

NOT GUILTY: _____          GUILTY: _____

We the jury, as to Count Two of the Indictment, find defendant JITESH THAKKAR:

NOT GUILTY: _____          GUILTY: _____

We the jury, as to Count Three of the Indictment, find defendant JITESH THAKKAR:

NOT GUILTY: _____          GUILTY: _____

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael T. O'Neill, hereby certify that on December 7, 2018, I will cause the foregoing Government's Preliminary Proposed Jury Instructions to be electronically filed with the Clerk of Court by using the Court's electronic CM/ECF filing system, which will automatically send a notice of electronic filing to all parties.

> */s    Michael T. O'Neill*
> Michael T. O'Neill
> Trial Attorney
> U.S. Department of Justice