**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-36 |
| v. | Judge Robert W. Gettleman |
| JITESH THAKKAR, | |
| Defendant. | |

**DEFENDANT JITESH THAKKAR'S PROPOSED**
**PRELIMINARY JURY INSTRUCTIONS**

Defendant Jitesh Thakkar respectfully requests that the following proposed preliminary jury instructions be adopted by the Court for its final charge to the jury. Mr. Thakkar may request leave to supplement or amend these proposed instructions based on the evidence admitted at trial.

Dated: December 7, 2018

Respectfully submitted,

By: /s/ *Renato Mariotti*
    Renato Mariotti
    Holly H. Campbell
    THOMPSON COBURN LLP
    55 East Monroe St., 37th Floor
    Chicago, Illinois 60603
    (312) 346-7500
    rmariotti@thompsoncoburn.com
    hcampbell@thompsoncoburn.com

    *Attorneys for Jitesh Thakkar*

**Defendant's Proposed Instruction 1**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case.  I will also give each of you a copy of these instructions to use in the jury room.  You must follow all of my instructions about the law, even if you disagree with them.  This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties.  Your first duty is to decide the facts from the evidence that you saw and heard here in court.  This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved Mr. Thakkar guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially.  Do not let sympathy, prejudice, fear, or public opinion influence you.  In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must give Mr. Thakkar the same fair consideration that you would give to any individual.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Authority: 7th Cir. Pattern Criminal Jury Instruction 1.01

**Defendant's Proposed Instruction 2**

The charges against Mr. Thakkar are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that Mr. Thakkar committed the crimes of spoofing and conspiracy to commit spoofing.  Mr. Thakkar has pled not guilty to the charges.

The indictment is simply the formal way of telling Mr. Thakkar what crimes he is accused of committing.  It is not evidence that Mr. Thakkar is guilty.  It does not even raise a suspicion of guilt.

Authority: 7th Cir. Pattern Criminal Jury Instruction 1.02

**Defendant's Proposed Instruction 3**

Mr. Thakkar is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt Mr. Thakkar is guilty as charged.

The government has the burden of proving Mr. Thakkar's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

Mr. Thakkar is not required to prove his innocence. He is not required to produce any evidence at all.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 1.03

**Defendant's Proposed Instruction 4**

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, [and] the exhibits that I allowed into evidence[,] [and] the stipulations that the lawyers agreed to. A stipulation is an agreement that [certain facts are true] [or] [that a witness would have given certain testimony.]

[In addition, you may recall that I took judicial notice of certain facts that may be considered as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 2.01

**Defendant's Proposed Instruction 5**

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 2.02

**Defendant's Proposed Instruction 6**

You may have heard the terms "direct evidence" and "circumstantial evidence."   Direct evidence is evidence that directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Authority: 7th Cir. Pattern Criminal Jury Instruction 2.03

**Defendant's Proposed Instruction 7**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Authority: 7th Cir. Pattern Criminal Jury Instruction 2.04

**Defendant's Proposed Instruction 8**

[Mr. Thakkar has an absolute right not to testify or present evidence. You may not consider in any way the fact that Mr. Thakkar did not testify or present evidence. You should not even discuss it in your deliberations.]

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 2.05

**Defendant's Proposed Instruction 9**

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of Mr. Thakkar].  You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 3.01

**Defendant's Proposed Instruction 10**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Authority: *See* Hon. Leonard Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss & Nancy Batterman, *Modern Federal Jury Instructions - Criminal Volumes*, 7-16

**Defendant's Proposed Instruction 11**

It is proper for an attorney to interview any witness in preparation for trial.

Authority: 7th Cir. Pattern Criminal Jury Instruction 3.02

**Defendant's Proposed Instruction 12**

You have heard evidence that before the trial, a witness made a statement that may be inconsistent with [his; her] testimony here in court.  You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court.  If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 3.03

**Defendant's Proposed Instruction 13**

You have heard testimony from Mr. Navinder Sarao who:

- [was] [promised; received; expected] a benefit in return for his [testimony; cooperation with the government];] and

- has pled guilty to the crimes Mr. Thakkar is charged with committing. You may not consider his guilty plea as evidence against Mr. Thakkar.

You may give Mr. Sarao's testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

Authority: 7th Cir. Pattern Criminal Jury Instruction 3.05

- 14 -

**Defendant's Proposed Instruction 14**

[You have heard testimony about Mr. Thakkar's good character and character for truthfulness. You should consider this testimony together with and in the same way you consider the other evidence.]

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 3.08

**Defendant's Proposed Instruction 15**

      You have heard testimony that Mr. Thakkar made statements to the FBI. You must decide whether Mr. Thakkar actually made those statements and, if so, how much weight to give to the statements. In making these decisions, you should consider all of the evidence, including Mr. Thakkar's personal characteristics and circumstances under which the statements may have been made.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 3.09

**Defendant's Proposed Instruction 16**

You have heard a witness, namely, [name of witness], who gave opinions and testimony about [certain subject(s); specify the subject(s), if possible].  You do not have to accept this witness' [opinions; testimony].  You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness.  In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his [opinions; conclusions], and the factors I have described for determining the believability of testimony.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 3.13

- 17 -

**Defendant's Proposed Instruction 17**

You have heard recorded conversations.  This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them.  The recordings are the evidence of what was said and who said it.  The transcripts are not evidence.  If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters.  In other words, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use.  It is up to you to decide whether to listen to a recording during your deliberations.  You may, if you wish, rely on your recollections of what you heard during the trial.

If, during your deliberations, you wish to have another opportunity to view any transcripts as you listen to a recording, send a written message to the [marshal; court security officer], and I will provide you with the transcripts.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 3.14

**Defendant's Proposed Instruction 18**

[Certain [summaries; charts; etc.] were admitted in evidence. [You may use those [summaries; charts] as evidence [even though the underlying [documents; evidence] are not here].]

[The accuracy of the [summaries; charts] has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the summaries are accurate.]

[It is up to you to decide how much weight to give to the summaries.]]

<u>Authority:</u> 7th Cir. Pattern Criminal Jury Instruction 3.16

**Defendant's Proposed Instruction 19**

[Certain [summaries; charts; etc.] were shown to you to help explain other evidence that was admitted, [specifically, identify the demonstrative exhibit, if appropriate]. These [summaries; charts] are not themselves evidence or proof of any facts,[so you will not have these particular [summaries; charts] during your deliberations. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]]

Authority: 7th Cir. Pattern Criminal Jury Instruction 3.17

**Defendant's Proposed Instruction 20**

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 3.18

**Defendant's Proposed Instruction 21**

Mr. Thakkar has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 4.06

**Defendant's Proposed Instruction 22**

Count One of the indictment charges Mr. Thakkar with conspiracy to commit spoofing. In order for you to find Mr. Thakkar guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.      The conspiracy as charged in Count 1 existed;

2.      Mr. Thakkar knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3.      One of the conspirators committed an overt act in an effort to advance the goal of the conspiracy.

An overt act is any act done to carry out the goal of the conspiracy. The government is not required to prove all of the overt acts charged in the indictment.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find Mr. Thakkar guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find Mr. Thakkar not guilty.

Authority: 7th Cir. Pattern Criminal Jury Instruction 5.08(A)

- 23 -

**Defendant's Proposed Instruction 23**

       A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

       In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 5.09

**Defendant's Proposed Instruction 24**

To be a member of a conspiracy, the defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goal of the conspiracy was to be accomplished. The government must prove beyond a reasonable doubt that Mr. Thakkar was aware of the illegal goal of the conspiracy and knowingly joined the conspiracy.

Mr. Thakkar is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

In deciding whether Mr. Thakkar joined the charged conspiracy, you must base your decision only on what Mr. Thakkar did or said. To determine what Mr. Thakkar did or said, you may consider Mr. Thakkar's own words or acts. You may also use the words or acts of other persons to help you decide what Mr. Thakkar did or said.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 5.10

**Defendant's Proposed Instruction 25**

Counts Two and Three of the Indictment charge Mr. Thakkar with violating the anti-spoofing provision of the Commodity Exchange Act.

In order for you to find Mr. Thakkar guilty of these charges, the government must prove each of the three following elements beyond a reasonable doubt with respect to the Count you are considering:[1]

1. Mr. Thakkar engaged in trading, practices, or conduct that is "spoofing";

2. Mr. Thakkar acted knowingly; and

3. The "spoofing" occurred on or subject to the rules of a registered entity.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Thakkar guilty of that charge.[2]

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Thakkar not guilty of that charge.[3]

---

[1] 7th Cir. Pattern Criminal Jury Instruction 4.01 (modified); 7 U.S.C. § 6c(a)(5)(C) provides that "[i]t shall be unlawful for any person to engage in any trading, practice, or conduct on or subject to the rules of a registered entity that– . . . is, is of the character of, or is commonly known to the trade as, 'spoofing' (bidding or offering with the intent to cancel the bid or offer before execution)." 7 U.S.C. § 13(a)(2) makes it a felony for any person "knowingly to violate the provisions of . . . subsection (a) through (e) of subsection 6c."

[2] 7th Cir. Pattern Criminal Jury Instruction 4.01.

[3] *Id.*

**Defendant's Proposed Instruction 26**

The first element the government must prove beyond a reasonable doubt is that Mr. Thakkar engaged in trading, practices, or conduct that is "spoofing."[4]

"Spoofing" is defined as "bidding or offering with the intent to cancel the bid or offer before execution."[5]

To find this element satisfied, you must find that the government has proved beyond a reasonable doubt that, at the time Mr. Thakkar entered the bid or offer specified in the Count you are considering, he intended to cancel the bid or offer before it was executed.[6]

Mr. Thakkar must have specifically intended to cancel his bid or offer before it was executed.[7] A person acts with intent to produce a consequence if a person acts with the purpose or conscious desire of producing that consequence.[8] It is not, however, sufficient for the government to prove that Mr. Thakkar knew or should have known that the consequence—that is, cancellation of the bid or offer before execution—was substantially likely to occur.[9]

---

[4] 7 U.S.C. § 6c(a)(5)(C); *see also* Indictment at 13-14.

[5] 7 U.S.C. § 6c(a)(5)(C).

[6] *Id.*

[7] The Seventh Circuit has held that spoofing is a specific intent crime. *United States v. Coscia*, 866 F.3d 782, 794 (7th Cir. 2017), *reh'g and suggestion for reh'g en banc denied* (Sept. 5, 2017), *cert. denied*, 138 S. Ct. 1989, 201 L. Ed. 2d 249 (2018).

[8] "In general, 'purpose' corresponds to the concept of specific intent, while 'knowledge' corresponds to general intent." *United States* v. *Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (holding that attempted illegal reentry into the United States is a specific intent crime, therefore requiring proof that, among other elements, "1) *the defendant had the purpose, i.e., conscious desire*, to reenter the United States without the express consent of the Attorney General") (emphasis added). *See also United States v. Durham*, 645 F.3d 883, 892 n.1 (7th Cir. 2011) ("In order to convict a defendant of a general intent crime, the government must prove only that the defendant consciously and voluntarily [engaged] in the proscribed conduct. . . . Specific intent crimes require additional proof of the defendant's *intent to effectuate a particular result*.") (emphasis added) (internal quotation omitted). The Court in the only other spoofing trial gave an instruction on this point. *See United States v. Coscia*, Case No. 14-cr-551, ECF Dkt. No. 85, pg. 25.

[9] *See* note 8, *supra* (specific intent crimes require proof that defendant acted with purpose of achieving a result, not mere knowledge that the result is likely to occur). The jury should be instructed that the "anti-spoofing" provision's specific intent requirement requires the government to prove that Mr. Thakkar had the purpose or conscious desire to cancel orders before execution, and that it is insufficient for the government to show that cancellation was a consequence likely to result from Mr. Thakkar's actions. The Court in the only other spoofing trial gave an instruction on this point. *See United States v. Coscia*, Case No. 14-cr-551, ECF Dkt. No. 85, pg. 25. "Spoofing" is a crime in which only the "heightened mental state separates criminality itself from otherwise innocuous behavior." *United States* v. *Bailey*, 444 U.S. 394, 405 (1980). "When the defendant's conduct does not constitute a completed criminal act, . . . a heightened intent

In assessing whether the government has proved this element, you must find that the government has proved beyond a reasonable doubt that Mr. Thakkar had the intent to cancel the bid or offer at the time he placed the bid or offer,[10] and that he did not place the bid or offer as part of a legitimate, good-faith attempt to execute at least part of that bid or offer.[11] It is not sufficient for the government to prove that Mr. Thakkar formed an intent to cancel after he entered the bid or offer,[12] or that he intended to cancel the bid or offer under some, but not all, circumstances or conditions.[13] Put another way, if you find that Mr. Thakkar intended to execute his bid or offer

_____

requirement is necessary to ensure that the conduct is truly culpable." *Gracidas-Ulibarry*, 231 F.3d at 1193. Placing and cancelling an order is not a crime.

[10] 7 U.S.C. § 6c(a)(5)(C) prohibits "bidding or offering with the intent to cancel." A plain reading of this statutory language makes clear that what is proscribed is the act of placing a bid or offer with a contemporaneous intent to cancel that bid or offer; any other reading is inconsistent with the rules of statutory interpretation and with the fundamental principle that criminal liability constitutes only from a "concurrence of an evil-meaning mind with an evil-doing hand." *Morrisette* v. *United States*, 342 U.S. 246, 251 (1952).

[11] *See* Proposed Interpretive Order, 76 Fed. Reg. 14,943, 14,947 (Mar. 18, 2011) ("[O]rders, modifications, or cancellations will not be classified as 'spoofing' if they were submitted as part of a legitimate, good-faith attempt to consummate a trade. Thus, the legitimate, good-faith cancellation of partially filled orders would not violate section 4c(a)(5)(C)."); Interpretative guidance and policy statement, 78 Fed. Reg. 31,890, 31,896 (May 28, 2013) ("[T]he Commission interprets that a spoofing violation will not occur when the person's intent when cancelling a bid or offer before execution was to cancel such bid or offer as part of a legitimate, good-faith attempt to consummate a trade."). This Guidance supports the only correct reading of the "anti-spoofing" provision: one in which the placement of an order as part of a good-faith legitimate attempt to consummate a trade is inconsistent with the statutory prohibition on "bidding or offering with the intent to cancel." 7 U.S.C. § 6c(a)(5)(C). The Court in the only other spoofing trial gave an instruction on this point. *See United States v. Coscia*, Case No. 14-cr-551, ECF Dkt. No. 85, pg. 25.

[12] See note 9, *supra*.

[13] The placement of an order that will cancel upon the occurrence of certain conditions is entirely legitimate market behavior. *See, e.g.,* CME Globex, Order Qualifiers, *available at* http://www.cmegroup.com/confluence/display/EPICSANDBOX/Order+Qualifiers (last visited Dec. 6, 2018) (permitting "Fill or Kill" orders, which "must be fully filled immediately or the entire order is canceled," and "Good Til Date" orders, which "remain active on the order book until they are completely executed, expire at the specified date, are canceled, or when the instrument expires"); Advance notice of proposed rulemaking; request for comments, 75 Fed. Reg. 67,301, 67,302 (Nov. 2, 2010) (making clear that "spoofing" must be differentiated from "legitimate trading activity," including the "cancelation of orders that may occur in the normal course of business"). If an intent to cancel under only certain conditions is sufficient to establish that Mr. Thakkar has committed a felony, then this law would unconstitutionally penalize Mr. Thakkar for engaging in accepted market behavior without the constitutionally required notice that his conduct was prohibited. *See Grayned* v. *City of Rockford*, 408 U.S. 104, 108 (1972) ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.").

There is a risk that the jury could misunderstand this point because the meaning of the phrase "bidding or offering with the intent to cancel" has eluded even the most experienced professionals in the futures

under some, but not all circumstances, then the government has failed to prove that he had an intent to cancel the bid or offer before execution, and this element has not been satisfied.[14]

Nor is it sufficient for the government to prove that Mr. Thakkar intended to cancel before execution of part, but not all, of a bid or an offer. If you find that Mr. Thakkar entered the bid or offer with the intent to execute part, but not all of the order, then the government has not proven that he acted with the required intent to cancel, and you must find Mr. Thakkar not guilty of the Count you are considering.[15]

---

industry, making this instruction necessary. *See* CFTC Staff Roundtable on Disruptive Trading Practices (Dec. 2, 2010) at 64, 171-72, *available at* http://www.cftc.gov/LawRegulation/DoddFrankAct/Rulemakings/DF_24_DisruptiveTrading/dfsubmissio n24_120210-transcri.

[14] *See* note 31, *supra*.

[15] Entering bids and orders with the intent to consummate a partial trade is common and acceptable market behavior and is not proscribed by this statute. *See* 78 Fed. Reg. at 31,896 ("[L]egitimate, goodfaith cancellation or modification of orders (*e.g.*, partially filled orders or properly placed stop-loss orders) would not violate [the statute.]"); CFTC Open Meeting on the Twelfth Series of Proposed Rulemakings Under the Dodd-Frank Act, 85 (Feb. 24, 2011), *available at* http://www.cftc.gov/LawRegulation/DoddFrankAct/Rulemakings/DF_24_DisruptiveTrading/dfsubmissio n7_022411-transcri ("A partial fill with the intent to consummate a trade is not a violation.") Numerous permissible order types involve an intent to execute a portion of an order, including "Fill and Kill" orders, which "are immediately executed against resting orders [and] [i]f the order cannot be fully filled, the remaining balance is canceled." CME Globex, Order Qualifiers, *see* note 35, *supra*. Indeed, another judge in this District has noted that the statute's "intent to cancel" requirement distinguishes "partial-fill orders, which are entered with the intent to consummate a trade, not with the intent to cancel the order altogether" from prohibited conduct. *United States v. Coscia*, 100 F. Supp. 3d 653, 656 (N.D. Ill. 2015). The risk that the jury might mistake a permissible intent to execute a portion of an order for an impermissible intent to cancel the remainder of it is unacceptably high and warrants this instruction.

**Defendant's Proposed Instruction 27**

The second element the government must prove beyond a reasonable doubt is that Mr. Thakkar acted knowingly.

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether Mr. Thakkar acted knowingly, you may consider all of the evidence, including what Mr. Thakkar did or said.

<u>Authority:</u> 7th Cir. Pattern Criminal Jury Instruction 4.10

**Defendant's Proposed Instruction 28**

The third element the government must prove beyond a reasonable doubt is that any spoofing you find took place occurred on or subject to the rules of a registered entity. A "registered entity" includes a board of trade that is designated as a contract market under the Commodity Exchange Act.

Authority: 7 U.S.C. § 1a(40)

**Defendant's Proposed Instruction 29**

If Mr. Thakkar acted in good faith in participating in the creation of the software program, then he lacked the intent to cancel a bid or offer before execution required to prove the offense of spoofing charged in Counts Two and Three.

Mr. Thakkar does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that Mr. Thakkar acted with intent to cancel a bid or offer before execution as charged in Counts Two and Three.

Authority: 7th Cir. Pattern Criminal Jury Instruction 6.10; Committee Comment to Instruction 6.10 (noting that the good faith instruction "should be used in cases in which the government must prove some form of 'specific intent[.]'"; 7 U.S.C. § 6c. The Seventh Circuit has held that spoofing is a specific intent crime. *Coscia*, 866 F.3d at 794.

**Defendant's Proposed Instruction 30**

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he knowingly participated in the criminal activity and tried to make it succeed.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 5.06

**Defendant's Proposed Instruction 31**

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether Mr. Thakkar acted knowingly, you may consider all of the evidence, including what Mr. Thakkar did or said.

<u>Authority:</u> 7th Cir. Pattern Criminal Jury Instruction 4.10

**Defendant's Proposed Instruction 32**

If Mr. Thakkar performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish Mr. Thakkar's guilt.

Mr. Thakkar's association with persons involved in a crime is not sufficient by itself to prove his participation in the crime.

Authority: 7th Cir. Pattern Criminal Jury Instruction 5.07

**Defendant's Proposed Instruction 33**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Mr. Thakkar intends to request an instruction on his defense theory of the case. Mr. Thakkar reserves the right to submit the requests at the close of trial.

<u>Authority</u>: *Mathews v. United States*, 485 U.S. 58, 63 (1988) ("As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.").

**Defendant's Proposed Instruction 34**

In deciding your verdict, you should not consider the possible punishment for Mr. Thakkar. If you decide that the government has proved Mr. Thakkar guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

<u>Authority</u>: 7th Cir. Pattern Criminal Jury Instruction 4.08

**Defendant's Proposed Instruction 35**

Once you are all in the jury room, the first thing you should do is choose a [foreperson; presiding juror]. The [foreperson; presiding juror] should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, Twitter, LinkedIn, YouTube, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the [Marshal; court security officer]. The note should be signed by the [foreperson; presiding juror], or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. [Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.]

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6-6, or 8-4, or whatever your vote happens to be.

Authority: 7th Cir. Pattern Criminal Jury Instruction 7.01

**Defendant's Proposed Instruction 36**

Verdict forms have been prepared for you.  You will take these forms with you to the jury room.

[Read the verdict form[s].]

When you have reached unanimous agreement, your [foreperson; presiding juror] will fill in, date, and sign the appropriate verdict forms.  [The foreperson; The presiding juror; Each of you] will sign it.

Advise the [Marshal; court security officer] once you have reached a verdict.  When you come back to the courtroom, [I; the clerk] will read the verdicts aloud.

Authority: 7th Cir. Pattern Criminal Jury Instruction 7.02

**Defendant's Proposed Instruction 37**

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Authority: 7th Cir. Pattern Criminal Jury Instruction 7.03

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,

    v.

JITESH THAKKAR,

        Defendant.

Case No. 18-CR-36

Judge Robert W. Gettleman

## <u>VERDICT FORM</u>

With respect to COUNT ONE of the indictment, we, the jury, find Jitesh Thakkar:

    NOT GUILTY _____        GUILTY \_\_\_\_


With respect to COUNT TWO of the indictment, we, the jury, find Jitesh Thakkar:

    NOT GUILTY _____        GUILTY \_\_\_\_


With respect to COUNT THREE of the indictment, we, the jury, find Jitesh Thakkar:

    NOT GUILTY _____        GUILTY \_\_\_\_


_____      _____
FOREPERSON

_____      _____

_____      _____

_____      _____

_____      _____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 7, 2018, the foregoing was filed electronically with the Clerk of the Court to be served upon all attorneys of record by operation of the Court's electronic filing system.

/s/ Renato Mariotti