UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JITESH THAKKAR | CASE NUMBER: 18 CR 36<br><br>Judge Robert W. Gettleman |

**MEMORANDUM IN SUPPORT OF THE
GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND IN
OPPOSITION TO THE DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by its undersigned counsel, respectfully moves this Court for entry of an order accepting the government's proposed jury instructions in this case, and rejecting the defendant's proposed jury instructions, for the reasons set forth below.

**I. Government's Proposed Instruction No. 2 Provides a More Robust Description of Spoofing, which Is Lacking in the Defendant's Proposed Version and Is Consistent with the Court's Direction**

Government's Proposed Instruction No. 2 adopts the language of Instruction 1.02 in the Pattern Criminal Jury Instructions of the Seventh Circuit (2012 Ed.) and includes a "short description of the charged offense[]" (*i.e.*, spoofing), as suggested in the pattern instruction. Following on the Court's suggestion at the December 18, 2018 status hearing, the government included a more detailed definition of spoofing than what appeared in the government's proposed instructions filed previously in this case.

**II. Defendant's Proposed Instruction No. 10 Is Duplicative of Joint Proposed Instruction No. 9**

Defendant's Proposed Instruction No. 10 does not appear in the Pattern Instructions and seeks to instruct the jury on how to assess the testimony from a law enforcement official. This proposed instruction is duplicative of Joint Proposed Instruction No. 9, which is drawn from Pattern Instruction 3.01—without

modification—and already instructs the jury how to assess a witness's credibility. Law enforcement witnesses are necessarily included under this general instruction on how to assess witness credibility. Nothing about the facts of this case suggest that deviation from the Seventh Circuit's Pattern Instruction 3.01 is warranted. Defendant's Proposed Instruction 10's focus on law enforcement witnesses is unnecessary and potentially confusing to the jury because Pattern Instruction 3.01 instructs the jury as to credibility determinations regarding "each witness." Providing a repetitive jury instruction is not necessary, and if it is not "necessary to give an instruction, it is necessary *not* to give it, so that the important instructions stand out and are remembered." *United States v. Hill*, 252 F.3d 919, 923 (7th Cir. 2001) (emphasis added); *see also McDonald v. Sandvik Process Sys., Inc.*, 870 F.2d 389, 395 (7th Cir. 1989) (affirming the district court's decision to refuse to issue jury instructions because "[t]he requested instructions would have been repetitive.").

### III. Government's Proposed Instruction No. 14 More Accurately Reflects the Terms of Sarao's Plea Agreement with the Government

Government's Proposed Instruction No. 14 is modeled on Pattern Instruction 3.05 (Witnesses Requiring Special Caution) and addresses the fact that Navinder Sarao has pleaded guilty and is cooperating with the United States. The government's proposed instruction more accurately reflects the terms of Sarao's plea agreement with the government, specifically, that Sarao hopes to receive the benefit of the government recommending a reduced sentence if it determines that Sarao has provided full and truthful cooperation. Defendant's Proposed Instruction No. 14 incorrectly states that Sarao *will* receive a benefit "in return for" his testimony and cooperation. While Sarao

may *hope* for a benefit in connection with his testimony and cooperation, the government has made no promises that Sarao will necessarily receive such benefit.

### IV. Government's Proposed Instruction No. 26 Is Consistent with the Facts of this Case and Therefore Is Properly Included as an Instruction

Government's Proposed Instruction No. 26—which adopts the language in Pattern Instruction 5.05 (Joint Venture) without modification—clearly explains that a defendant need not personally perform every act that is the basis for the criminal charges against him. This instruction "clarif[ies] that even if others were involved with the charged scheme, [the defendant] could also have been involved." *United States v. Capri*, No. 05 CR 202, 2007 WL 2323209, at *2 (N.D. Ill. Aug. 9, 2007). The Seventh Circuit has approved the use of this joint venture instruction where "the evidence unequivocally shows that the defendant participated in the conspiratorial scheme," even where a defendant has a "supervisory role in the fraudulent scheme which differed from that of . . . [a] co-conspirator." *United States v. Bailey*, 763 F.2d 862, 864-65 (7th Cir. 1985). By adopting the language in Pattern Instruction 5.05, Government's Proposed Instruction No. 26 is "not an incorrect statement of the law" and there is nothing about the proposed instruction that will "likely confuse[] or misle[a]d the jury or prejudice [the defendant] in any way." *Id.* The government's proposed instruction is consistent with the facts of this case in which the defendant is charged with conspiracy to commit spoofing, and aiding and abetting spoofing. *See United States v. Savage*, 891 F.2d 145, 149 (7th Cir. 1989) ("Membership in a conspiracy does not require direct involvement with each and every act of the conspiracy.").

## V. Government's Proposed Instruction No. 28 Includes Supplemental Language Regarding the Proof of the Existence of a Conspiracy

Government's Proposed Instruction No. 28 includes a supplemental instruction, drawn without modification from the Committee Comment (c) to Pattern Instruction 5.08(A) (Conspiracy – Overt Act Required), regarding the proof of the existence of a conspiracy. Committee Comment (c) states that it "recommends" that this additional instruction be provided where "it may be appropriate to provide the jury with a further definition of how existence of a conspiracy is proved." The government submits that such an additional instruction is appropriate in this case to provide the jury with guidance on how to assess whether the defendant and Sarao entered into a conspiracy to commit the crime of spoofing. *United States v. Stotts*, 323 F.3d 520, 522 (7th Cir. 2003) ("We have cautioned trial judges to provide sufficient guidance to juries on the nuanced principles of conspiracy law.").

## VI. Government's Proposed Instruction No. 29 Sets Forth the Elements of the Anti-Spoofing Statute In a Manner Consistent with the Government's Theory of the Case and Anticipated Evidence

Government's Proposed Instruction No. 29 set out the elements of spoofing in the context of the government's theory of the case and the expected trial evidence—namely, that the defendant developed a customized trading program that contained a "Back of Book Function" that Sarao used to place orders into the market that he did not intend to execute (*i.e.*, to engage in spoofing). *See* Indictment ¶¶ 13, 16, 18, *United States v. Thakkar*, 18 CR 36, Dkt. No. 17 (Feb. 14, 2018). The government has not accused the defendant of engaging in trading himself. *Cf.* Dec. 18, 2018 Status Hearing Tr. at 10:03-07, *United States v. Thakkar*, 18 CR 36 (noting the defendant's "instructions were more directed towards somebody who was actually trading and engaging in these

-4-

transactions; whereas, Mr. Thakkar was never accused of that."). The government's proposed instruction, therefore, reflects the government's alternative theories of liability—*Pinkerton* or aiding-and-abetting. In contrast, Defendant's Proposed Instruction No. 28 would confuse the jury because the instruction recites the elements of spoofing as if they are actions that the defendant must personally perform. *See* Defendant's Proposed Instruction No. 28 ("[The defendant] must have specifically intended to cancel *his* bid or offer before it was executed." (emphasis added)).

## VII. Defendant's Proposed Instruction No. 31 Includes Language that Is Confusing, Inconsistent with the Anticipated Evidence, and Duplicative of Joint Proposed Instruction No. 27

Defendant's Proposed Instruction No. 31 is confusing, inconsistent with the anticipated evidence, and duplicative of Joint Instruction No. 27. The defendant proposes including optional language from Pattern Instruction No. 5.10 (Conspiracy – Membership in Conspiracy) that states "defendant is not a member of a conspiracy just because he knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions." This additional instruction does not reflect the facts of this case and has the potential to confuse the jury. The conspiracy in this case consists of two members—the defendant and Sarao. If the defendant were *not* a member of the conspiracy, leaving Sarao alone, there would be no conspiracy. *United States v. Neal*, 907 F.3d 511, 515 (7th Cir. 2018) ("Conspiracy requires a common criminal goal shared among two or more people."). Without a conspiracy, there would be no one for the defendant to know, associate with, or be present with—which demonstrates why the defendant's instruction is inconsistent with the anticipated evidence. *Cf. United States v. Mancillas*, 183 F.3d 682, 707 (7th

-5-

Cir. 1999) ("The instructions given by the court must be accurate statements of the law that are supported by the facts in the case."). In addition, the defendant's proposed instruction is duplicative of Joint Instruction No. 27 that states, "[The defendant / Mr. Thakkar]'s association with persons involved in a crime is not sufficient by itself to prove his participation in the crime." *See Hill*, 252 F.3d at 923 (reasoning that if it is not "necessary to give an instruction, it is necessary not to give it").

## VIII. Government's Proposed Instruction No. 32 Sets Forth a Theory of Co-Conspirator Liability Consistent with the Anticipated Evidence

Government's Proposed Instruction No. 31, which is drawn without modification from Pattern Instruction 5.11 (Conspirator's Liability for Substantive Crimes Committed by Co-Conspirators Where Conspiracy Charged – Elements), correctly sets forth the elements that the government must prove beyond a reasonable doubt in order for the jury to find the defendant guilty of Counts Two and Three of the Indictment under the government's *Pinkerton* theory of liability. Under *Pinkerton*, a conspirator can "be convicted of the substantive offense committed by a co-conspirator as long as the offense was committed in furtherance of the conspiracy, fell within the scope of the unlawful project, and was reasonably foreseeable as a necessary or natural consequence of the unlawful agreement." *United States v. Walls*, 225 F.3d 858, 865-66 (7th Cir. 2000). The government anticipates that its trial evidence will sufficiently establish the defendant's membership in the criminal conspiracy and the additional elements that warrant an instruction on *Pinkerton* liability. *See United States v. Addo*, 989 F.2d 238, 244 (7th Cir. 1993). By contract, Defendant's Proposed Instruction No. 31 outlines the elements of spoofing as if the government were charging Counts Two and Three on a theory of direct responsibility. This formulation is not applicable in this case because,

as noted above, the government is not alleging direct responsibility, even as an alternative theory of liability. The defendant's proposal would only confuse the jury.

### IX. Defendant's Proposed Instruction No. 33 Is Duplicative of Other Instructions and Would Be Cumulative, Confusing, and Unnecessary

Defendant's Proposed Instruction No. 32 is a good faith instruction that should not be included because the anti-spoofing statute that the defendant is charged with violating, and conspiring to violate, does not require the government to prove that the defendant was aware of the statute or that his conduct was willful. Rather, the government must prove beyond a reasonable doubt that the defendant violated the statute "knowingly." *See* 7 U.S.C. §§ 6c(a)(5)(C), 13(a)(2); *see also United States v. Coscia*, 866 F.3d 782, 795 (7th Cir. 2017) ("[A] conviction for spoofing requires that the prosecution prove beyond a reasonable doubt that Mr. Coscia knowingly entered bids or offers with the present intent to cancel the bid or offer prior to execution."). Joint Proposed Instruction No. 25 instructs the jury regarding the definition of "knowingly" and therefore already addresses a good faith defense. *See United States v. Prude*, 489 F.3d 873, 882 (7th Cir. 2007) ("[W]e concluded that the general pattern instruction that 'knowledge' means that the defendant realized what she was doing, was aware of the nature of her conduct, and did not act through ignorance, mistake, or accident, adequately expresses the substance of a good faith defense.") (quotations and citations omitted); *see also United States v. Mutuc*, 349 F.3d 930, 934 (7th Cir. 1999) ("[A] defendant is not entitled to a specific good faith instruction . . . so long as, considering the instructions as a whole, the jury was adequately instructed upon his theory of defense.") (internal quotations omitted). A separate good faith instruction, therefore, is cumulative, confusing, and unnecessary here. *See United States v. Given*, 164 F.3d

389, 394-95 (7th Cir. 1999) (rejecting a claim that a specific good faith instruction was necessary when the jury adequately was apprised of the requirement of intent using the Circuit's pattern knowledge instruction).

In addition, the Committee Comment to Pattern Instruction 6.10 (Good Faith – Fraud/False Statements/Misrepresentations) notes that the "Seventh Circuit has questioned whether a good faith instruction provides any useful information beyond that contained in the pattern instruction defining 'knowledge,' and that, "as a general rule," the good faith instruction "should not be used in cases in which the government is required only to prove that the defendant acted 'knowingly.'" The Committee Comment does state that the instruction should be used when the "government must prove some form of 'specific intent,' *such as intent to defraud or willfulness*." (emphasis added). While the Seventh Circuit has stated that the anti-spoofing statute requires specific intent, it is "the requisite specific intent to cancel orders at the time they were placed," *Coscia*, 866 F.3d at 794, and not the intent to defraud or willfulness.

X. **Government's Proposed Instruction No. 34 Correctly Instructs the Jury that Aiding-and-Abetting Is an Alternative Theory of Liability in this Case**

Government's Proposed Instruction No. 34, like the instruction proposed by the defendant, instructs the jury on the government's alternative theory of liability: aiding and abetting. The government's proposed instruction, however, goes further and includes a preamble that clearly explains that aiding and abetting is an alternative theory of liability for the crimes charged in Counts Two and Three of the Indictment. While the government has charged the defendant under alternative theories of liability—*Pinkerton* and aiding-and-abetting—the government is only required to prove

-8-

the defendant's guilt beyond a reasonable doubt under one of those alternative theories. *See United States v. Johnson*, 726 F. Supp. 668, 672 (N.D. Ill. 1989) ("[C]rimes may be charged in the conjunctive but proved in the disjunctive."). For this reason, the government's proposed instruction provides guidance to the jury to distinguish the aiding-and-abetting instruction from the earlier proposed instruction regarding *Pinkerton* liability. *Cf.* Committee Comment, Pattern Instruction 5.11 ("If the government pursued alternative theories of direct responsibility and *Pinkerton* responsibility, the trial judge should explain in this instruction that it is offered as an alternate basis for liability on the particular charge(s).").

## XI. The Government Reserves the Right to Object to Defendant's Proposed Instruction No. 35 Regarding the Defense Theory of the Case.

Defendant's Proposed Instruction No. 35 states that the defendant intends to request an instruction on his defense theory of the case and he reserves the right to submit the request at the close of trial. The government acknowledges that a defendant "is entitled to a jury instruction as to his or her particular theory of defense provided: (1) the instruction represents an accurate statement of the law; (2) the instruction reflects a theory that is supported by the evidence; (3) the instruction reflects a theory which is not already part of the charge; and (4) the failure to include the instruction would deny the appellant a fair trial." *United States v. Eberhart*, 467 F.3d 659, 666 (7th Cir. 2006). The government, therefore, reserves its right to review and object to the defendant's proposed instruction regarding his defense theory of the case. *Cf. United States v. Koster*, 163 F.3d 1008, 1011 (7th Cir. 1998) ("We defer to the substantial discretion of the district court for the specific wording of the instructions,

and in rejecting a proposed instruction, so long as the essential points are covered by the instructions given.").

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court accept the government's proposed jury instructions, and reject the defendant's proposed jury instructions.

Dated: February 22, 2019

                                                      Respectfully submitted,

                                                      ROBERT A. ZINK
                                                      Acting Chief, Fraud Section
                                                      Criminal Division
                                                      U.S. Department of Justice

By:   */s/Matthew F. Sullivan*
        Mark J. Cipolletti
        Michael T. O'Neill
        Matthew F. Sullivan
        Trial Attorneys
        U.S. Department of Justice
        1400 New York Avenue, NW
        Washington, D.C. 20530
        (202) 616-2266 (Cipolletti)
        (202) 616-1645 (O'Neill)
        (202) 353-6200 (Sullivan)
        Mark.Cipolletti@usdoj.gov
        Michael.T.ONeill@usdoj.gov
        Matthew.Sullivan2@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I, Matthew F. Sullivan, hereby certify that on February 22, 2019, I caused the foregoing Memorandum in Support of the Government's Proposed Jury Instruction and in Opposition to the Defendant's Proposed Jury Instructions to be electronically filed with the Clerk of Court by using the Court's electronic CM/ECF filing system, which will automatically send a notice of electronic filing to all parties.

                                                  */s/Matthew F. Sullivan*
                                                  Matthew F. Sullivan
                                                  Trial Attorney
                                                  U.S. Department of Justice