UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-36 |
| v. | |
| JITESH THAKKAR, | Judge Robert W. Gettleman |
| Defendant. | |

**JITESH THAKKAR'S MOTION TO PRECLUDE JURY INSTRUCTION ON AIDING AND ABETTING AND FOR THEORY OF DEFENSE INSTRUCTION, OR, IN THE ALTERNATIVE, FOR STATUTE OF LIMITATIONS INSTRUCTION**

Jitesh Thakkar moves this Court (1) to preclude a jury instruction on aiding and abetting and (2) for a theory of defense instruction informing the jury that if they find Jitesh not guilty on Count I of the Indictment, they also must find him not guilty on Counts II and III. Alternatively, should the Court deny that motion, Jitesh moves the Court to instruct the jury on the statute of limitations for aiding and abetting. In support thereof, Jitesh states as follows:

**INTRODUCTION**

The government requests a jury instruction on aiding and abetting. The government has not offered any evidence that Jitesh had any knowledge of the specific acts of spoofing committed by trader Navinder Sarao that are alleged in the Indictment, and as a result, Jitesh could not have had the requisite mental state for aiding and abetting. Thus, the Court should not instruct the jury regarding aiding and abetting.

Additionally, the government does not allege that Jitesh committed the offense of spoofing directly. Rather, the government seeks to hold Jitesh guilty for the acts of Sarao. Without an aiding and abetting instruction, however, the only potential grounds for finding Jitesh guilty of the

substantive offense of spoofing would be under *Pinkerton v. United States*, 328 U.S. 640 (1946), which holds conspirators guilty for the acts of their co-conspirators. If Jitesh is found not guilty under Count I (Conspiracy to Commit Spoofing), *Pinkerton* cannot apply, and Jitesh cannot be guilty under Counts II and III (Spoofing).

Accordingly, Jitesh requests a theory of defense instruction to ensure that the jury understands that Jitesh cannot be guilty under Counts II and III if he is not guilty of conspiracy under Count I. Specifically, Jitesh requests the following instruction: "If you find that the defendant is not guilty of conspiracy to commit spoofing under Count One, you must find him not guilty of spoofing under Counts Two and Three."

Alternatively, the government has offered no evidence at trial that Jitesh committed any action on or after February 14, 2013 that could even possibly support an aiding and abetting charge. Because the statute of limitations is five years and Jitesh was not indicted until February 14, 2018, Jitesh requests the following instruction: "If you find that the defendant did not commit any actions on or after February 14, 2013 that constituted aiding and abetting the alleged trades on February 25, 2013 and March 8, 2013, you must find that the defendant did not aid and abet Counts Two and Three."

## BACKGROUND

Jitesh was charged on January 19, 2018. On February 14, 2018, the government filed a three-count indictment against him. *See* ECF Dkt. No. 17. The Indictment alleges that a futures trader named Navinder Sarao placed two specific trades that are alleged to be overt acts in a conspiracy. Those trades allegedly took place on or about February 25, 2013 and March 8, 2013. ECF Dkt. No. 17 at 13.

The Indictment charges Jitesh for conspiracy to commit spoofing, alleging that he conspired with Sarao. ECF Dkt. No. 17 at 5-13. The Indictment also charges Jitesh with two counts of the underlying substantive offense of spoofing. It alleges that Jitesh aided and abetted the two trades allegedly made by Sarao on February 25, 2013 and March 8, 2013. ECF Dkt. No. 17 at 13-14. The Indictment does not claim that Jitesh directly committed the underlying substantive offense of spoofing. It alleges only theories of aiding and abetting and conspiracy. ECF Dkt. No. 17.

On February 22, 2019, the government filed the Parties' Joint Proposed Jury Instructions, which included both joint proposed instructions and instructions proposed by either the government or Jitesh to which the other party did not agree. ECF Dkt. No. 62. The government proposed an instruction on aiding and abetting (Government's Proposed Instruction No. 34), *id.* at 42, and an instruction on *Pinkerton* liability (Government's Proposed Instruction No. 32). *Id.* at 39-40. Jitesh proposed an alternative to the government's proposed aiding and abetting instruction (Defendant's Proposed Instruction No. 34). *Id.* at 42. Additionally, Jitesh included Defendant's Proposed Instruction No. 35, which states, "Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Mr. Thakkar intends to request an instruction on his defense theory of the case. Mr. Thakkar reserves the right to submit the requests at the close of trial." *Id.* at 43. The government takes the following position on such an instruction: "The government does not oppose a proposed instruction on the defense theory of the case, subject to the government being provided the opportunity to review and object to the content of such an instruction." *Id.*

**ARGUMENT**

**I. The Aiding and Abetting Instruction Should be Denied Because There is No Evidence Jitesh Knew About Sarao's Trades on February 25, 2013 and March 8, 2013.**

"To be liable under an aiding and abetting theory for the crime itself, . . . a defendant must have had the specific intent to aid in the commission of the crime in doing whatever she did to facilitate its commission." *United States v. Nacotee*, 159 F.3d 1073, 1076 (7th Cir. 1998); *see also United States v. Irorere,* 228 F.3d 816, 825 (7th Cir. 2000) (aiding and abetting theory requires a showing of specific intent); *United States v. Barclay*, 560 F.2d 812, 816 (7th Cir. 1977). The government is required to prove that the defendant "shared the intent of the principal." *Barclay*, 560 F.2d at 815; *see also United States v. Bruun*, 809 F.2d 397, 411 (7th Cir. 1987) ("To be liable as an aider and abettor, [the defendant] must have shared [the principal's] criminal intent.").

Because there is no allegation that Jitesh committed the underlying offense of spoofing, "the intent required is defined by the substantive offense and is to aid or abet its commission." *Barclay*, 560 F.2d at 816. Thus, "'(t)he defendant must act or fail to act with the specific intent to facilitate the commission of a crime by another.'" *Id.* (quoting *United States v. Bryant*, 461 F.2d 912, 920 (8th Cir. 1972)). Here, the underlying offense of spoofing is a specific intent crime. *United States v. Coscia*, 866 F.3d 782, 794 (7th Cir. 2017). Thus, to show that Jitesh had the specific intent to facilitate the commission of a crime by Sarao, the government would have to show that Jitesh had the specific intent to aid Sarao in cancelling the two trades of February 25, 2013 and March 8, 2013 that are alleged in the indictment. The government presented no such evidence.

Further, a defendant cannot be guilty for a specific substantive crime of which he was unaware and, therefore, had no intent to aid or abet. In *United States v. Greer*, 467 F.2d 1064 (7th Cir. 1972), the Seventh Circuit held that where the defendant had knowledge that the principals

planned a theft but had no knowledge that the principals planned to transport the stolen goods across the state line, the defendant could not have the intent required for aiding and abetting the crime of transportation of stolen goods. *Id.* at 1068-69. The court explained "[W]here the relationship between the defendant's acts and the ultimate crime for which he is charged is as attenuated as it is in the instant case, we would require some showing of specific intent to aid in, or specific knowledge of, the crime charged." *Id.* at 1069.

The Supreme Court has made it clear that a defendant must have advanced knowledge of the exact crime the alleged principal intents to commit to be found guilty on a theory of aiding and abetting. In *Rosemond v. United States*, 572 U.S. 65 (2014), the defendant was convicted of violating a federal statute that prohibits using or carrying a firearm during and in relation to any crime of violence or drug trafficking crime. *Id.* at 67. The jury was instructed on a theory of aiding and abetting. *Id.* at 68-69. The defendant appealed. *Id.* Addressing the intent requirement for aiding and abetting, the Supreme Court explained:

> [A] person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate that offense's commission. . . . An intent to advance some different or lesser offense is not, or at least not usually, sufficient: Instead, **the intent must go to the specific and entire crime charged**—so here, to the full scope (predicate crime plus gun use) of § 924(c).
>
> * * *
>
> We have previously found that intent requirement satisfied when a person actively participates in a criminal venture **with full knowledge of the circumstances constituting the charged offense.** In *Pereira,* the mail fraud case discussed above, we found the requisite intent for aiding and abetting because the defendant took part in a fraud "know[ing]" that his confederate would take care of the mailing. 347 U.S., at 12, 74 S.Ct. 358; see *supra,* at 1246 – 1247. Likewise, in *Bozza v. United States,* 330 U.S. 160, 165, 67 S.Ct. 645, 91 L.Ed. 818 (1947), we upheld a conviction for aiding and abetting the evasion of liquor taxes because the defendant helped operate a clandestine distillery "know[ing]" the business was set up "to violate Government revenue laws." And several Courts of Appeals have similarly held—addressing a fact pattern much like this one—that the unarmed driver of a getaway car had the requisite intent to aid and abet armed bank robbery if he

> "knew" that his confederates would use weapons in carrying out the crime. *See, e.g., United States v. Akiti,* 701 F.3d 883, 887 (C.A.8 2012); *United States v. Easter,* 66 F.3d 1018, 1024 (C.A.9 1995). **So for purposes of aiding and abetting law, a person who actively participates in a criminal scheme knowing its extent and character intends that scheme's commission**.

*Id.* at 76-77 (emphasis added); *see also United States v. Cejas*, 761 F.3d 717, 729 (7th Cir. 2014). The court went on to hold that, for the defendant to be liable for aiding and abetting, the defendant's knowledge "must be advance knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice." 572 U.S. at 78. Thus, "[w]hat matters for purposes of gauging intent, and so what jury instructions should convey, is that the defendant has chosen, with full knowledge, to participate in the illegal scheme." *Id.* at 79. The court then vacated the conviction and remanded the case because the trial court failed to instruct the jury on the requirement that the defendant have advanced knowledge of the specific crime the principals intended to commit—*i.e.*, a crime involving a gun. *Id.* at 82-83.

Here, the government charged two specific counts of spoofing that allegedly occurred on February 25, 2013 at 1:37:54.313 p.m. and March 8, 2013 at 9:52:23.983 a.m. Indictment, ECF Dkt. No. 17, ¶ 37. The government offered *no evidence* that Jitesh had "advanced knowledge" or "specific knowledge" that those two specific trades were going to take place or that he had the requisite specific intent to aid those two trades. There is no evidence he intended "the specific and entire crime[s] charged" or that he acted "with full knowledge of the circumstances constituting the charges offense[s]" (*i.e.,* with knowledge of the trades Sarao made on February 25, 2013 and March 8, 2013). Without such specific knowledge or intent, Jitesh cannot be guilty of aiding and abetting. Thus, the Court should not offer an aiding and abetting instruction.

## II. The Court Should Give a Special Instruction that Jitesh Cannot Be Guilty of Count II or III if He Is Not Guilty of Count I.

Without the aiding and abetting instruction, the government has only one theory to support Counts II and III. Specifically, the government must rely on *Pinkerton* to argue that Jitesh can be held guilty on those two counts.

*Pinkerton*, of course, requires a conspiracy. *United States v. Chairez*, 33 F.3d 823, 827 (7th Cir. 1994) ("Of course, in order to convict a defendant under a *Pinkerton* theory there first must be a conspiracy"); *see also United States v. Goines*, 988 F.2d 750, 774 (7th Cir. 1993) (noting that "the district court carefully instructed the jury that in order to find any defendant liable under a *Pinkerton* theory of count 35, it must find that defendant guilty of the conspiracy charged in count one"). Here, the government's conspiracy allegation is Count I. If Jitesh is found not guilty of the conspiracy alleged in Count I, he cannot be guilty on Counts II and III. Thus, the Court should instruct the jury that if they find Jitesh not guilty of conspiracy in Count I, they must find him not guilty of the substantive crimes of spoofing that are alleged in Counts II and III. As set forth above, Jitesh requests that the Court instruct the jury as follows: "If you find that the defendant is not guilty of conspiracy to commit spoofing under Count One, you must find him not guilty of spoofing under Counts Two and Three."

Such an instruction is proper because "the defendant in a criminal case is entitled to have the jury consider any theory of the defense which is supported by law and which has some foundation in the evidence." *Irorere*, 228 F.3d at 825 (internal quotation marks and citations omitted).[1] The Seventh Circuit has held that a defendant is entitled to a particular theory of defense instruction if four things are true:

---

[1] The Court is not limited to pattern jury instructions. "[T]here are circumstances where a pattern instruction will be insufficient and where a criminal defendant is entitled to an explicit jury instruction encapsulating his theory of

> (1) the proposed instruction is a correct statement of the law; (2) the defendant's theory of defense is supported by the evidence; (3) the defendant's theory is not a part of the government's charge; and (4) the failure to include an instruction on the theory of defense would deny the defendant a fair trial.

*Nacotee*, 159 F.3d at 1076; *see also United States v. Casanova*, 970 F.2d 371, 374 (7th Cir. 1992).

Here, the first element is met because the proposed instruction is a correct statement of the law. Without the aiding and abetting instruction, and with no evidence that Jitesh engaged in the substantive crime of spoofing, the only theory by which the government can argue Jitesh is guilty of the substantive offenses as alleged in Counts II and III is a *Pinkerton* theory based on the allegation of conspiracy. Thus, it is a correct statement of the law that if Jitesh is found not guilty of conspiracy under Count I, the jury must find him not guilty of spoofing under Counts II and III.

Second, Jitesh's proposed theory is supported by the evidence. There is absolutely no evidence that Jitesh took part directly in the substantive crimes of spoofing alleged in Counts II and III. He is not a trader. He does not have the ability or the access to place trades. Indeed, the government acknowledges that it was Sarao who placed the trades that are alleged to have been spoofing under Counts II and III. ECF Dkt. No. 17 at 13-14.

The third requirement for Jitesh's instruction also is met. Jitesh's proposed instruction is not part of the government's charge. *See* ECF Dkt. No. 62.

Finally, the fourth requirement is met, as the failure to include Jitesh's proposed instruction would deny him a fair trial. The jury are not legal experts. They do not have experience with *Pinkerton* and the basis for holding a defendant guilty for a crime that he did not directly commit. They may be confused by the multiple counts alleged, and the *Pinkerton* instruction, standing

---

defense." *Irorere,* 228 F.3d at 825. Pattern jury instructions can be inadequate where a "case . . . involves a theory of defense that is not reflected in that instruction." *United States v. Douglas*, 818 F.2d 1317, 1322 (7th Cir. 1987); *see also Irorere*, 228 F.3d at 825.

alone, does not explain to the jury that the <u>only</u> way Jitesh could be guilty of Counts II and III is if he is guilty of the conspiracy alleged in Count I.

Indeed, the language of the *Pinkerton* instruction speaks of the defendant being "guilty of the charge of conspiracy as alleged in Count One **or [ ] a member of the conspiracy alleged in Count One when the crime was committed**." ECF Dkt. No. 62 at 39-40 (emphasis added). The jury may not understand that where, as here, a defendant is indicted for conspiracy, he cannot be a "member of a conspiracy" if the government fails to prove the elements of the charged conspiracy offense. The jury may not understand that if Jitesh is not guilty of conspiracy under Count I, he cannot be a "member of the conspiracy" for the purposes of *Pinkerton*. Thus, without the proposed instruction, Jitesh cannot receive a fair trial.

### III. Alternatively, if an Aiding and Abetting Instruction is Given, the Court Should Instruct the Jury Regarding the Statute of Limitations.

Alternatively, if the Court denies Jitesh's motion to preclude the aiding and abetting instruction, the Court should instruct the jury on the statute of limitations for aiding and abetting. The applicable statute of limitations for the offense of aiding and abetting is the statute of limitations for the substantive offense charged. *See S.E.C. v. Buntrock,* No. 02 C 2180, 2004 WL 1179423, at *8 (N.D. Ill. May 25, 2004), *aff'd sub nom. S.E.C. v. Koenig*, 557 F.3d 736 (7th Cir. 2009). Jitesh was charged with aiding and abetting spoofing, which is subject to a five-year statute of limitations. *See* 18 U.S.C. § 3282.

On February 14, 2018, Jitesh was indicted on two counts of aiding and abetting Sarao's spoofing. Thus, the five-year statute of limitations encompasses conduct occurring on or after February 14, 2013. Counts II and III of the indictment allege that Jitesh aided and abetted the following spoof orders Sarao allegedly placed:

| Count | Approx. Date Order Placed | Approx. Time Order Placed | Side |
|---|---|---|---|
| 2 | Feb. 25, 2013 | 13:37:54.313 | Sell |
| 3 | Mar. 8, 2013 | 9:52:23.983 | Sell |

Indictment ¶ 37.

Based on the dates of the alleged spoof orders Sarao placed, the only action Jitesh could have taken to aid and abet these trades within the limitations period would have had to occur in the 11 days between February 14, 2013 and February 25, 2013. The government failed to present any evidence at trial that Jitesh took *any* action to aid or abet these specific instances of spoofing between February 14, 2013 and February 25, 2013. Accordingly, the jury should be instructed that Jitesh cannot be guilty of aiding and abetting based on any actions that occurred before February 14, 2013. As set forth above, Jitesh requests that the Court instruct the jury as follows: "If you find that the defendant did not commit any actions on or after February 14, 2013 that constituted aiding and abetting the alleged trades on February 25, 2013 and March 8, 2013, you must find that the defendant did not aid and abet Counts Two and Three."

## **CONCLUSION**

WHEREFORE, Defendant Jitesh Thakkar respectfully requests that the Court deny the government's requested instruction on aiding and abetting; give the jury a theory of defense instruction that Jitesh cannot be guilty of Counts II or III if he is not guilty of Count I; and grant such other and further relief as this Court deems appropriate. Alternatively, Jitesh respectfully requests that, if the Court gives the aiding and abetting instruction, that the Court also instruct the jury regarding the statute of limitations for aiding and abetting and grant such other and further relief as this Court deems appropriate.

- 11 -

Dated: April 3, 2019

Respectfully submitted,

By: /s/ *Renato Mariotti*
    Renato Mariotti
    Holly H. Campbell
    THOMPSON COBURN LLP
    55 East Monroe St., 37th Floor
    Chicago, Illinois 60603
    (312) 346-7500
    rmariotti@thompsoncoburn.com
    hcampbell@thompsoncoburn.com

*Attorneys for Jitesh Thakkar*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 3, 2019, the foregoing was filed electronically with the Clerk of the Court to be served upon all attorneys of record by operation of the Court's electronic filing system.

                                                             /s/ Renato Mariotti